# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                                     Criminal Case No. 09-20407

v.                                                         HON. DENISE PAGE HOOD

JEFFREY LANUM (D-1),

    Defendant.

_____/

## ORDER DENYING MOTION FOR RETROACTIVE APPLICATION OF SENTENCING GUIDELINES TO DRUG OFFENSE UNDER 18 U.S.C. § 3582

This matter is before the Court on Defendant Jeffrey Lanum's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c), Guideline Amendment No. 782. On January 26, 2010, Lanum entered a plea of guilty to three counts of the Indictment alleging: Felon in Possession, 18 U.S.C. § 922(g) (Count One); Possession with Intent to Distribute Controlled Substance, 21 U.S.C. § 841(a)(1); and, Using, Carrying or Possessing a Firearm During and in Relation to a Drug Trafficking Crime, 18 U.S.C. § 924. (ECF No. 13, Plea Agreement)

On March 13, 2010, the Court imposed a sentence of 41 monts of imrpisonment on Coutns One and Two, to run concurrrent, and 60 months on Count Three, to run consecutive to the term of imprisonment sentence imposed on Counts One and Two,

followed by a term of three years of supervised release on each county to run concurrent. (ECF No. 15, Judgment)

In 1987, the United States Sentencing Commission adopted a 100 to 1 ratio with regards to treating every gram of crack cocaine as the equivalent of 100 grams of powder cocaine when it first promulgated the United States Sentencing Guidelines ("USSG"). *Kimbrough v. United States,* 522 U.S. 85 (2007). In 2007, the Commission amended the Guidelines to reduce by two levels the base offense level associated with each quantity of crack cocaine. See USSG Supp. App. C, Amdt. 706 (effective Nov. 1, 2007). In 2008, the Commission made the amendment retroactive. *Id.*, Amdt. 713 (effective Mar. 3, 2008).

In 2010, Congress enacted the Fair Sentencing Act ("FSA"), Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010), and the Commission promulgated amendments to the Guidelines to lower penalties for crack cocaine convictions. The FSA increased the amount of crack cocaine necessary to trigger the mandatory minimum sentences for drug offenders. 21 U.S.C. § 841(b)(1). The Sixth Circuit Court of Appeals, in an *en banc* decision, held that teh FSA's "new mandatory minimums do not apply to defendants sentenced before it took effect," and neither the United States Constitution nor § 3582(c)(2) provides a basis for circumventing this interpretation. *United States*

2

*v. Blewett,* 746 F.3d 647, 650 (6th Cir. 2013) (*en banc*), *cert denied*, 134 S.Ct. 1779 (2014).

In 2014, the Commission issued Amendment 782 to the Sentencing Guidelines, which reduced by two levels the base offense levels for various drug crimes that trigger the statutory mandatory minimum penalties under U.S.S.G. §§ 2D1.1 and 2D1.11. See USSG App. C. Amend. 782, at 64-71 (Supp. 2014). The Commission gave Amendment 782 retroactive effect. See USSG App. C. Amend. 788, at 86-87 (Supp. 2014).

When the Commission makes a Guideline amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes the trial court to reduce an otherwise final sentence that is based on the amended provision. Section 3582(c)(2) permits a court to reduce the term of imprisonment of a defendant who has been senteced based on a sentencing range that has subsequently been lowered by the Commission. 18 U.S.C. § 3582(c)(2). To satisfy the requirements for a sentence reduction under 18 U.S.C. § 3582(c)(2), "a guideline amendment must have the effect of lowering the defendant's applicable guideline range." *United States v. Riley,* 726 F.3d 756, 758 (6th Cir. 2013). An applicable guideline range is "the range that applies before the sentencing court grants any discretionary departures." *United States v. Pembrook,* 609 F.3d 381, 387 (6th Cir. 2010). A defendant subject to a statutory mandatory minimum sentence is

not eligible for reduction if the amendment does not lower a defendant's applicable guideline range. *United States v. Johnson,* 564 F.3d 419, 423 (6th Cir. 2009). A defendant is not eligible for reduction where the original sentence was based on the career-offender guidelines and not the drug guidelines. *Id.* at 422-23. Amendment 782 does not lower a defendant's sentence based on a sentencing range involving other crimes, such as those involved firearms, since the guideline range is not affected by the amendment. *See United States v. Prater,* 766 F.3d 501, 507 (6th Cir. 2014); *United States v. Webb,* 760 F.3d 513, 520 (6th Cir. 2014); *United States v. Braden,* Nos. 15-5294 & 15-5465, 643 F. App'x 531, 2016 WL 909359 (6th Cir. Mar. 10, 2016).

In this case, Defendant was sentenced to a term of 41 months on Counts 1 (felon in possession) and 2 (possession with intent to distribute), to run concurrent, and 60 months on Count 3 (using, carrying or possessing a firearm), to run consecutive to Counts 1 and 2. Amendment 782 has no effect on Defendant's sentence since the ulitmate sentence imposed, was not based on the drug quantity computation, but was based on other crimes involving firearms in Counts 1 and 3, under U.S.S.G. § 2K2.1. *See*, *United States v. Keller*, Case No. 09-20303, 2016 WL 10592323 (E.D. Mich. Feb. 3, 2016).

Accordingly,

IT IS ORDERED that Defendant Jeffrey Lanum's Motion for Retroactive Application of Sentencing Guildines under 18 U.S.C. § 3582 **(ECF No. 16)** is DENIED.

s/Denise Page Hood  
DENISE PAGE HOOD  
Chief United States District Judge

Dated: August 14, 2019